Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JULIO E. GIL DE LAMADRID PÉREZ<br><br>PETICIONARIO<br><br>V.<br><br>GLORYVETTE DÍAZ SANTIAGO<br><br>RECURRIDA | TA2026CE00395 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2026CV00228<br><br>Sobre: Acción Reivindicatoria, Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2026.

## I.

El 1 de abril de 2026, el señor Julio E. Gil de Lamadrid Pérez (peticionario o el señor Gil de Lamadrid), presentó un recurso de *Certiorari* en el que nos solicitó que revoquemos un dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 25 de marzo de 2026 y notificada el 26 de marzo de 2026.[1] Mediante este, el TPI emitió una *Resolución Interlocutoria* en la que le impuso al peticionario una fianza de no residente ascendente a mil dólares ($1,000), tal y como solicitó la señora Gloryvette Díaz Santiago (recurrida o la señora Díaz Santiago). A su vez, el TPI le concedió un término de 60 días para consignar la fianza.

El 7 de abril de 2026, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción* en la que nos solicitó que

---

[1] *Véase* entrada núm. 20 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

ordenáramos la paralización inmediata de los procedimientos del caso de epígrafe ante el TPI.[2]

El 13 de abril de 2026, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de orden en auxilio de jurisdicción. Además, le concedimos a la parte recurrida hasta el 23 de abril de 2026, para exponer su posición sobre los méritos del recurso.[3]

El 23 de abril de 2026, la parte recurrida presentó una *Oposición a Expedición de Auto de Certiorari,* mediante el cual solicitó que denegáramos la expedición del recurso peticionado.[4]

El 27 de abril de 2026 el peticionario presentó una *Moción en Réplica al Escrito en Oposición al Recurso de Certiorari.*[5] En la misma, reprodujo los argumentos previamente presentados.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes para su atención.

**II.**

El caso de marras tuvo su génesis el 21 de enero de 2026, cuando el peticionario radicó una *Demanda* sobre reivindicación de bienes, derecho de retención y cobro de dinero.[6] En dicha demanda, el peticionario alegó, *inter alia,* que la recurrida estaba en posesión de bienes de su pertenencia de forma ilegal. Las partes están divorciadas. Superados varios trámites procesales innecesarios pormenorizar, el 19 de marzo de 2026, la parte recurrida presentó *Moción en Solicitud de Prestación de Fianza de No Residente,* donde alegó que el peticionario era residente de la Florida, por lo cual correspondía la imposición de una fianza no menor de mil dólares

---

[2] *Véase* entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 3.
[4] Íd., entrada núm. 4.
[5] Íd., entrada núm. 7.
[6] *Véase* entrada núm. 1 en SUMAC-TPI.

($1,000).[7] El 24 de marzo de 2026, el peticionario radicó una *Moción en Oposición a Fianza de no residente* donde esgrimió, entre otras cosas, que ostentaba residencia en Puerto Rico, por lo cual no se le debía imponer la fianza bajo la Regla 69.5, *infra*.[8]

Tras otros trámites procesales, el foro primario emitió una *Resolución Interlocutoria*, donde determinó que:

> Evaluadas las posiciones de las partes. Se declara ha lugar la solicitud de imposición de fianza de no residente a la parte demandante. Por tanto, tenga la parte demandante el plazo máximo de 60 días para presentar fianza de no residente por $1,000.00, so pena de desestimación sin trámite ulterior. En consecuencia, se pausan los procedimientos hasta que se preste la fianza de no residente.[9]

Inconforme con esta determinación, el peticionario presentó el recurso de epígrafe en el que formuló los siguientes señalamientos de error:

> **PRIMER ERROR:**
> ERRÓ EL TRIBUNAL AL CONCLUIR QUE EL PETICIONARIO ES "NO RESIDENTE" PARA FINES DE LA REGLA 69.5, A PESAR DE LAS ALEGACIONES Y EVIDENCIA SOBRE SU RESIDENCIA REAL Y EFECTIVA EN PUERTO RICO.
> **SEGUNDO ERROR:**
> ERRÓ EL TRIBUNAL AL IMPONER FIANZA SIN UNA DETERMINACIÓN INDIVIDUALIZADA SUFICIENTE SOBRE RESIDENCIA, NECESIDAD, PROPORCIONALI-DAD, SOLVENCIA, BIENES DISPONIBLES EN PUERTO RICO Y AUSENCIA DE MEDIOS MENOS ONEROSOS.
> **TERCER ERROR:**
> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL AL APLICAR AUTOMÁTICAMENTE LA REGLA 69.5 DE FORMA QUE RESTRINGE INDEBIDAMENTE EL ACCESO DEL PETICIONARIO A LOS TRIBUNALES.
> **CUARTO ERROR:**
> EL TRIBUNAL IGNORÓ LO RESUELTO POR EL TRIBUNAL SUPREMO RELACIONADO A LA RESIDENCIA DEL PETICIONARIO, ESPECÍFICAMENTE EN *IN RE JULIO E. GIL DE LAMADRID PÉREZ*, 161 DPR 461, QUE RECONOCIÓ QUE EL PETICIONARIO PUEDE TENER VARIAS RESIDENCIAS LEGALES.

En síntesis, el peticionario aduce que cumple con los requisitos para ser residente en Puerto Rico, por lo que la *Resolución*

---

[7] *Véase* entrada núm. 14 en SUMAC-TPI.
[8] *Véase* entrada núm. 16 en SUMAC-TPI.
[9] *Véase* entrada núm. 20 en SUMAC-TPI.

era contraria a derecho. Por su parte, el 23 de abril de 2026, la recurrida presentó su oposición. Mediante dicho escrito arguyó que no correspondía expedir el recurso, ya que la determinación recurrida no caía dentro de las circunstancias prescritas en la Regla 52.1, *infra*, la cual regula la intervención interlocutoria de esta Curia. Además, la recurrida sostuvo que el peticionario era residente del estado de Florida, por lo que la determinación del foro primario estuvo correcta en derecho.

**III.**

A.

El recurso de *certiorari* es un recurso discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias de un foro inferior, sin que la parte que lo solicita tenga que necesariamente esperar a una sentencia final. ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). Véase también, ***Caribbean Orthopedics v. Medshape, Inc. et al.,*** 207 DPR 994, 1004 (2021). La determinación de expedir o denegar un recurso de *certiorari* está enmarcada dentro de la discreción judicial. Íd. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que solo se le confiere el poder de revisión a un tribunal de rango superior cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Por vía de excepción, la regla expande la jurisdicción del Tribunal Apelativo en materia de privilegios evidenciarios, admisibilidad de testigos, en casos que revistan un alto interés público, en casos de relaciones de familia y en casos donde no permitir la revisión interlocutoria de una determinación conllevaría un fracaso irremediable de la justicia. Esta regla tiene como propósito evitar la revisión judicial de aquellas órdenes o resoluciones que dilatarían innecesariamente el proceso y que pueden esperar a ser planteadas a través del recurso de

apelación. ***Scotiabank v. ZAF Corp. et. Al.,*** 202 DPR 478, 486-487 (2019).

Por otro lado, el hecho de que el asunto sobre el cual se refiere el recurso de *certiorari* se encuentre comprendido en las instancias de la regla mencionada no significa que el examen que debe hacer el tribunal revisor, previo a expedir un *certiorari,* se deba dar en el vacío o en ausencia de otros parámetros. ***800 Ponce de León Corp. v. AIG,*** 205 DPR 163, 176 (2020). En particular, nuestro Tribunal Supremo, mediante el Reglamento del Tribunal de Apelaciones, ha propuesto varios criterios adicionales a considerar para la expedición o denegatoria de este recurso. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[10]

B.

Nuestro ordenamiento jurídico impone a los litigantes extranjeros el pago de una fianza no menor de mil dólares. Esta medida tiene un propósito protector y sirve de garantía de las costas, gastos y honorarios a los que pudiera tener derecho el demandado residente. ***Yero Vicente v. Nimay Auto***, 205 DPR 126, 130 (2021); ***VS PR, LLC v. Drift-Wind***, 207 DPR 253, 261 (2021); ***Martajeva v.***

---

[10] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 141, 215 DPR ____ (2025).

***Ferré Morris y otros***, 210 DPR 612, 622 (2022).[11] Dicha norma se encuentra regulada en la Regla 69.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5. La aludida regla dispone, *inter alia*:

> Cuando la parte reclamante **resida fuera de Puerto Rico** o sea una corporación extranjera, el tribunal **requerirá** que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional. (Énfasis suplido).

Del lenguaje de la Regla 69.5, *supra*, se desprende que hay un solo requisito para imponer la fianza del no residente: el que la parte reclamante no sea residente de Puerto Rico. Como describió el tratadista Cuevas Segarra, "[e]l requisito de la regla se extiende a aquellos litigantes **que no son residente durante la pendencia del pleito**. El criterio no es domicilio ni ciudadanía". J.A. Cuevas Segarra, <u>*Tratado de Derecho Procesal Civil*</u>, 2nda ed., San Juan, Publicaciones JTS, 2011, Tomo V, pág. 1932 (énfasis suplido). Nuestro Tribunal Supremo ha incorporado esta norma, estableciendo que la regla requiere residencia y no domicilio. ***Yero Vicente v. Nimay Auto***, supra, pág. 132.

Una vez el tribunal acredite la no residencia del demandante—y que no es de aplicación alguna excepción de la Reglas 69.5, *supra*, o la Regla 69.6, *supra*—el mismo viene obligado a imponer la fianza. Íd., pág. 133. Incluso, si el demandante "cambia su condición de residente durante el trámite del pleito y se convierte en no residente, debe prestar fianza de no residente". Cuevas Segarra, *op. cit.*, pág. 1932.

El concepto de residencia es distinto al concepto de domicilio, aunque previamente se han utilizado de manera intercambiada.

---

[11] Ver también ***Pereira v. Reyes de Sims***, 126 DPR 220, 224 (1990); ***Molina v. C.R.U.V.***, 114 DPR 295, 303 (1983).

**S.L.G. Sola-Maldonado v. Bengoa Becerra**, 182 DPR 675, 687-688 (2011). El Código Civil de 2020 define residencia como "el lugar en que vive una persona, tenga o no la intención de establecer allí su domicilio". Artículo 93 del Código Civil de 2020, 31 LPRA sec. 5558. Como explicó el tratadista Vázquez Bote, la residencia es "el lugar en que una persona se encuentra, durante más o menos tiempo, accidental o incidentalmente, sin intención de domiciliarse". E. Vázquez Bote, _Concepto del domicilio en el derecho puertorriqueño_, 61 Rev. Jur. UPR 25, 50 (1992). En virtud de la definición amplia de residencia incorporada en nuestra jurisdicción, nuestro más alto foro ha concluido que una persona puede tener más de una residencia. **Fiddler v. Srio. de Hacienda**, 85 DPR 316, 322 (1962); **Martínez et al. v. Vda. de Martínez**, 88 DPR 443, 449 (1963); **Prawl v. Lafita Delfin**, 100 DPR 35, 37-38 (1971).[12]

El Código Civil, comentado, reseña bien la diferencia entre la residencia y el domicilio:

> En el Derecho puertorriqueño se distingue el domicilio de la residencia en que ésta sólo consiste en la presencia temporal, accidental o voluntaria de una persona en un lugar determinado, sin tener la intención de permanecer en él como domiciliada. ...[13]

Pese a que la imposición de la fianza de no residente descansa en la determinación previa de que el reclamante no es residente de Puerto Rico, nuestro ordenamiento jurídico es silente sobre algunos aspectos procesales como: a quién le corresponde probar la no residencia del reclamante, en qué debe fundamentarse el tribunal para realizar esta determinación y, entre otras cosas, qué procedimiento, si alguno, debe realizarse previo a la determinación. No obstante, "[d]ebe siempre tenerse presente que la regla hay que

---

[12] Ver también, E. Vázquez Bote, _op. cit._, pág. 50 ("la residencia puede ser plural") y **Rosario Rodríguez v. Rosselló Nevarez et al. I**, 207 DPR 795, 822 (2021) (Hon. Estrella Martínez, Voto Disidente).

[13] Oficina de Servicios Legislativos, _Código Civil de Puerto Rico (Comentado)_, Comentario al artículo 95. El Código Civil Comentado recoge los comentarios que generó la Comisión Conjunta Permanente para la Revisión y Reforma del Código Civil de Puerto. Lo citamos aquí como fuente persuasiva.

interpretarla con **liberalidad y flexibilidad**…". J.A. Cuevas Segarra, *op. cit.,* pág. 1933 (énfasis suplido).

**IV.**

Mediante el recurso de epígrafe, el peticionario impugna la *Resolución Interlocutoria* que le impuso el pago de una fianza de no residente de mil dólares ($1,000). Tras un análisis objetivo, sereno y cuidadoso del expediente del caso, razonamos que procede expedir el recurso de *certiorari* y revocar la *Resolución Interlocutoria* recurrida. Nos limitaremos a la consideración de las alegaciones pertinentes a la controversia ante nos. Veamos.

En su petición de *certiorari*, el peticionario le imputó al foro primario la comisión de cuatro errores. En sus primeros dos señalamientos de error, arguyó que el TPI erró al concluir que era no residente e imponerle la fianza, sin la celebración de una vista evidenciaria y sin formular determinaciones de hechos.

Según reseñado en el derecho que precede, la Regla 69.5, *supra,* prescribe un mandato a los foros inferiores: de haber un reclamante no residente en el pleito, corresponde la imposición de una fianza no menor de mil dólares. No obstante, dicha regla parte de la premisa de que se trata de una parte reclamante no residente. La aludida regla no opera en ausencia de este requisito principal. Del expediente apelativo digital y del expediente que tiene ante sí el TPI, existe controversia clara sobre si el señor Gil de Lamadrid tiene residencia en Puerto Rico.

De la *Demanda* se desprende que el peticionario alega mantener una residencia oficial en el estado de Florida y una residencia en Bayamón, Puerto Rico, para cuando permanece en la jurisdicción por periodos de tiempo. La parte recurrida alega lo contrario. Ninguna de las partes presentó prueba fehaciente sobre el particular, por lo que el foro primario debe recibir prueba que establezca la residencia del peticionario. Hasta y en tanto no se

acredite dicha situación, no hay cabida para imponer la aludida fianza.

Adviértase que las partes se han limitado a presentar alegaciones sobre la residencia del peticionario y sobre la alegada titularidad de los bienes sitos en Puerto Rico, cuya titularidad se reclama en el presente pleito.

Existe controversia sobre dicho hecho material que impide imponer la fianza de no residente de forma automática, sin que las partes tengan oportunidad de desfilar su prueba en una vista evidenciaria. Es entonces, a base de la prueba presentada que el TPI puede formular determinaciones de hechos y ponderar si procede la imposición de la referida fianza. Debemos recordar que **meras alegaciones no constituyen prueba**. *U.P.R. Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1013 (2012).

En virtud de lo anterior, colegimos que se cometieron los primeros dos errores señalados. Al encontrar que se cometieron dichos errores, resulta innecesario analizar los demás señalamientos de error. Se celebrará una vista evidenciaria para determinar la residencia del peticionario. A tenor con la evidencia desfilada en dicha vista, el hermano foro *a quo* podrá imponer la fianza de no residente, de ser procedente en derecho.

## V.

Por los fundamentos expuestos, expedimos el auto de *certiorari* y *revocamos* la *Resolución Interlocutoria* recurrida. Se devuelve el caso para que continúe con los procedimientos conforme con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones